Hall, J.
1. 'If a wife was the creditor of her husband, with no other interest in his business than a creditor under ordinary -circumstances has in the property and business of his debtor, she had the right, like any other creditor, to receive from him collaterals taken in the course of his business, for the security of her debt, or to take in payment the debts he held against his customers. If, however, she, by concert and arrangement with him, assisted him to procure goods from the plaintiffs for the purpose of paying the debt she held against him which she could not otherwise have collected or which she was doubtful about collecting, then she would have been guilty of such a fraud as would have made- *401 her liable for debt, whether the plaintiffs extended the credit to her or her husband. These issues were not clearly submitted to the jury, nor were the several distinct aspects of the case clearly submitted.
(a) It being in issue whether a husband acted as the agent of his-wife, or whether she ratified his actions as such, it was error to charge that, if the goods sued for were, sold to her through her husband as her agent, and the credit was given her, although her husband was not, in fact, her agent, yet if she used in her business the goods furnished under this contract, and the goods were sent by the plaintiffs to persons to whom she made advances, and she knew it, this was a ratification of her husband’s act, and the plaintiffs would be entitled to recover against her. Such a charge may have had the effect of excluding from the consideration of the jury any other facts than those enumerated, when there were others which might have controverted or at least explained them, and which bore directly upor. the disputed point.
(b) The charge was also objectionable in assuming that she was interested in the business'conducted by her husband, and that she, and not he, made advances to his customers; this being a question in controversy.
2. It was error co charge to the effect that if the plaintiffs extended the credit to -the wife, and afterwards took the notes of her agent as collateral security for the original indebtedness, it would be the duty of the plaintiffs to account for these notes and produce them at the trial, to show that they had not been negotiated and were not outstanding against the husband; and that, alter producing them, they could recover against the wife on the original indebtedness. This charge was not sufficiently guarded and specific, making the liability of the defendant depend upon the plaintifis’ having given credit to her, having taken the notes of her husband as collateral security and having delivered them up, and fixing her with ratification, though leaving out of view the necessity of any knowledge on her part of the circumstances attending the transaction in order to charge her with the liability. It also seems to assume that the husband was her agent.
3. The cross bill of exceptions does not clearly show the objections-to the testimony, the admission of which is complained of.
(a) The defendant had a right to show by her husband the amount of money she advanced to him to carry on his business and to prove the conversations in relation to that advance, at the time it was made.
4. Taking into consideration the date and the circumstances under which the husband made an assignment for the benefit of his creditors, and especially the fact that the paper showed the amount of his indebtedness to the plaintiffs on account of the transaction in contro *402 versy between them and the defendant, it was not altogether irrelevant, nor was it manifestly res inter alios acta, as explained by the husband, who was a witness on the trial.
Wm. Iv. Miller, for plaintiff's.
Tutt & Lockhart, contra.
5. The testimony of Mr. Lockhart seems essential to rebut and explain the payment of fifty dollars on the account in suit, which, it was alleged, was made by the defendant, and to that extent and for that purpose was competent.
Judgment in main case reversed; cross-bill of exceptions affirmed.